### L. D. Abbott v. George B. Abbott et al.

1. This case is controlled by the decision in Bradford v. Abbott, *ante,* p. 6.

Creditor's bill. Appeal from the City Court of East St. Louis; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the

August term, 1905. Reversed and remanded. Opinion filed March 22, 1906.

B. H. Canby and Victor Koerner, for appellant.

James M. Dill, B. O. Davidson and R. H. Flannigan, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a creditor's bill filed by appellant, L. D. Abbott, against appellees, George B. Abbott, Cora Belle Abbott, Beatrice Abbott, and others, on April 23, 1903, charging that on the————day of April, 1903, appellant recovered a judgment in the City Court of East St. Louis against appellee, George B. Abbott, for $1,500; that said judgment had not been satisfied and that execution had been issued upon the same, and was then in the hands of the sheriff; that said George B. Abbott had not in his possession or control any real estate or personal property, which could be taken under execution in the State of Illinois; that the indebtedness for which the said judgment was obtained was created in the year 1892, and was owing to appellant for a certain lot of lumber sold George B. in said year; that after the said George B. became indebted to appellant he purchased real estate described as being lot No. 15 in block 210 of the city of East St. Louis; that said George B., at his own expense and with his own money, built a cottage on said lot, known as No. 1123 Goethe avenue, East St. Louis; that, intending to defraud appellant, said George B. secretly and without appellant's knowledge, took the deed to the property to one Albert Blake, who at the request of said George B. executed a deed to Cora Belle Abbott, wife of said George B.; that afterwards Cora Belle and said George B. together executed a deed of conveyance to said lot to Beatrice Abbott, their daughter, their object being to take the property beyond the creditors of said George B. and reserve for themselves the use and benefit thereof; that no consideration was paid for any of said conveyances except that paid by George B. to the party from whom he

originally purchased said premises; that the improvements made upon said lot were made by and with the means of said George B.; that certain other parties in the bill claimed some interest in the premises, but the same was subject to the equities of appellant.

The prayer of the bill was that the conveyance be set aside and the real property held to be in George B. Abbott, and that the same be held subject to the judgment and execution of appellant, and for general equitable relief.

Cora Belle and Beatrice Abbott were the only defendants answering. By their answer they stated generally that they denied each and every allegation contained in the bill, and that complainant was entitled to the relief sought for. They also set up in answer, as a defense, certain proceedings in the Circuit Court of St. Clair County and Supreme Court of this state, which they claim was between the same parties and affecting the same subject-matter as this suit. These proceedings are referred to in the case of Bradford v. Abbott, *ante*, p. 6, and also in the case of Abbott v. Abbott, 189 Ill. 488; to which cases reference is made for a full statement of all the matters in controversy in the former suit, and the parties in interest therein.

The premises in controversy in the Bradford case consisted of two lots in East St. Louis, the legal title to which was vested by deed in Fern Abbott, while the present suit involves another lot in the same city, the title of which is by deed vested in Beatrice Abbott. This case and the Bradford case, *supra*, were both tried together by the court below and a decree entered dismissing the bill. We are of opinion, for the same reasons given by us in the Bradford case, that the proceedings in the former case in the Circuit and Supreme Courts are not *res judicata* of the matters set forth in the present bill of complaint, and consequently do not constitute a defense thereto.

Appellant introduced evidence tending to sustain the charges of the bill, while appellee appears to have introduced no evidence in this case in defense, save the records of the former proceedings above referred to. Appellees

claim that the evidence introduced by appellant showed that the proceedings by which the judgment was confessed by George B. Abbott in favor of appellant, were a sham, a fraud, a conspiracy and a collusion between the two Abbotts, who are brothers, for the purpose of depriving Beatrice Abbott of her title to the real estate in question; that George B. Abbott, at the time the supposed indebtedness was said to have been contracted, was the owner of Kansas lands, worth much more than the indebtedness; that at said time George B. was running a lumber yard on a salary; that appellant had some interest in the lumber yard and furnished the lumber to be sold by George B.; that the supposed debt could not have been the debt of George B., as he had no interest in the ownership of the lumber yard or business; that the property in question in this case was a homestead which George B. and his wife had a right to convey to Beatrice; that appellant was in the office of one Renshaw when the deed was made to Blake and knew what was being done; that the claim for which judgment was confessed was a stale claim; and that appellant had collected rent from the premises for which he should give credit on his debt. These claims of appellees appear to us to be not without merit, and when raised by proper answer should receive consideration.

The decree of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*